USAO#2016R00260

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : CRIMINAL NO. JKB-16-0292 |
| v. | : |
| | : (Transporting a Handgun in a Vehicle, 18 U.S.C. §§7 and 13, and Md. Code Ann., Crim. L. § 4-203; Possession of a Firearm by a Prohibited Person, 18 U.S.C. §922(g); Simple Possession of a Controlled Substance, 21 U.S.C. §844(a); Aiding & Abetting, 18 U.S.C. §2; Forfeiture Allegations) |
| ZOILO CAMPOSANO GAERLAN and BENJIE SARMIENTO MONTALBAN, | |
| Defendants. | |

...oOo...

## INDICTMENT

### COUNT ONE
(Transporting a Handgun in a Vehicle)

The Grand Jury for the District of Maryland charges that:

**General Allegations**

1.   On or about April 8, 2016, defendants **ZOILO CAMPOSANO GAERLAN** ("**GAERLAN**") and **BENJIE SARMIENTO MONTALBAN** ("**MONTALBAN**") were traveling together in a Ford Mustang. **GAERLAN** was driving, and **MONTALBAN** was in the front passenger seat.

2.   The car entered the National Security Agency (NSA) in Fort Meade, Maryland, on lands acquired for the use of the United States and under the exclusive jurisdiction thereof, and on lands otherwise within the special maritime and territorial jurisdiction of the United States.

3.   **GAERLAN** did not have a valid driver's license. **GAERLAN** was wearing a baseball cap in which he had concealed two bags of a substance containing methamphetamine, a

1

controlled substance.

4. Within the Ford Mustang were the following items: one Saiga 12-gauge shotgun (serial number 1431647), one shotgun magazine containing four rounds of ammunition, one Smith & Wesson model CTG .38 caliber revolver (serial number 72611), two rounds of .38 Smith & Wesson Special ammunition, and several small plastic bags containing controlled substances, including methamphetamine.

### The Charge

5. On or about April 8, 2016, in the District of Maryland, the defendants,

**ZOILO CAMPOSANO GAERLAN and
BENJIE SARMIENTO MONTALBAN,**

at the National Security Agency in Fort Meade, Maryland, on lands acquired for the use of the United States and under the exclusive jurisdiction thereof, and on lands otherwise within the special maritime and territorial jurisdiction of the United States, did wear, carry, and knowingly transport a handgun, whether concealed or open, in a vehicle traveling on a road generally used by the public and highway, an act punishable if committed within the jurisdiction of the State of Maryland by the laws thereof in force at the time of such act.

18 U.S.C. §§ 7 and 13
Md. Code Ann., Crim. L. § 4-203
18 U.S.C. § 2

## COUNT TWO
### (Possession of a Firearm and Ammunition by a Prohibited Person)

The Grand Jury for the District of Maryland charges that:

1. The allegations contained in Paragraphs 1 through 4 of Count One are incorporated by reference here.

2. On or about April 8, 2016, in the District of Maryland, the defendant,

**ZOILO CAMPOSANO GAERLAN,**

having been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess in and affecting commerce firearms and ammunition.

18 U.S.C. § 922(g)
18 U.S.C. § 2

## COUNT THREE
## (Simple Possession of a Controlled Substance)

The Grand Jury for the District of Maryland charges that:

1. The allegations contained in Paragraphs 1 through 4 of Count One are incorporated by reference here.

2. On or about April 8, 2016, in the District of Maryland, the defendants,

**ZOILO CAMPOSANO GAERLAN, and
BENJIE SARMIENTO MONTALBAN,**

did knowingly and intentionally possess methamphetamine, a Schedule II controlled substance.

21 U.S.C. § 844(a)
18 U.S.C. § 2

4

## FORFEITURE

1. The allegations contained in Counts One through Three of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures.

2. Upon conviction of the offenses alleged in Counts One and Two, the defendants,

**ZOILO CAMPOSANO GAERLAN and
BENJIE SARMIENTO MONTALBAN,**

shall forfeit to the United States of America the following property any firearm or ammunition involved in or used in the offenses.

3. If any of the property described above, as a result of any act or omission of the defendants,

    a. cannot be located upon the exercise of due diligence,
    b. has been transferred or sold to, or deposited with, a third party,
    c. has been placed beyond the jurisdiction of the court,
    d. has been substantially diminished in value, or
    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property.

18 U.S.C. § 924(d)
28 U.S.C. § 2461(c)

*[signature]*
Rod J. Rosenstein
United States Attorney

A TRUE BILL:

**SIGNATURE REDACTED**
Foreperson
Date: June 9, 2016